MATTER OF L——

In EXCLUSION Proceedings

A-11152100

*Decided by Board May 11, 1960*

Commuter status—Two hours employment in United States during ten-month
period insufficient to confer commuter status.

Canadian national who was employed in United States for only two hours
between January and November 1959 never acquired eligibility for com-
muter status; hence, temporary incapacity for employment during that pe-
riod due to pregnancy was immaterial to disposition of case.

EXCLUDABLE: Act of 1952—Section 212(a)(20) [8 U.S.C. 1182(a)(20)]—Immi-
grant not in possession of a valid unexpired immigrant visa.

BEFORE THE BOARD

**Discussion:** The case comes forward pursuant to certification by
the special inquiry officer of his decision entered January 4, 1960,
directing that the applicant be admitted to the United States as a
commuter.

The applicant is a married female who was born at Windsor,
Ontario, Canada, on August 30, 1935. She has testified that her
mother is a native-born citizen of the United States but that prior
to her entry into the United States on January 16, 1959, as a non-
quota immigrant, she had resided in this country only for a period
of 6 or 7 months while attending school in 1951. She also testified
that she voted in a municipal election in Canada in 1957. Although
the evidence on this point appears to be rather sketchy, from the
facts of record it does not appear that the applicant ever perfected
any claim to citizenship under the nationality laws; and, in any
event, she appears to have expatriated herself under the provisions
of 8 U.S.C. 1481(a)(5) by voting in a foreign election in 1957.

The applicant is an alien, a native and citizen of Canada, married,
female, 24 years of age, who was originally admitted to the United
States for permanent residence in possession of a nonquota immi-
grant visa on January 16, 1959. At that time her status was imme-
diately converted to that of a commuter since she was then seeking
employment in the United States. She last sought admission to the
United States at the port of Detroit, Michigan, on November 30,

1959, presenting a Form I–151, Alien Registration Receipt and Border Crossing Identification Card, with which she sought admission as a returning immigrant of the commuter class.

It has been established that between the date of her original entry in January 1959 and her present application for admission in November 1959, the applicant had been employed in the United States for a period of only two hours on May 29, 1959. It has further been established that the applicant gave birth to a child in Canada on August 14, 1959, and that she was incapacitated for work by reason of pregnancy and childbirth during the period July 1, 1959, to September 15, 1959.

The principal question to be resolved is whether the applicant was, in fact, ever qualified for the commuter status. It has been held that where an alien was admitted for permanent residence, on the same day procured a Resident Alien's Border Crossing Card with which she returned to Canada where she resumed residence, and subsequently entered the United States only in unsuccessful attempts to secure employment, she was not entitled to the commuter status.[1]

By way of review, aliens who seek to make temporary visits to perform labor in the United States are regarded not as nonimmigrants but as immigrants.[2] The strict enforcement of this rule would have created a troublesome situation along the Canadian and Mexican borders where many thousands crossed the international line each day to employment on the other side. Where this employment was permanent in character, administrative ingenuity devised a "commuter" status which enabled the Canadian or Mexican to obtain lawful admission for permanent residence in order that he might be able to pursue his employment here. His right to enter is attested by his Alien Registration Receipt Card. This, of course, is an amiable fiction, since the commuter is actually coming to this country temporarily and usually returns to his home in Canada or Mexico each night. However, it is a device which allows the entry of many aliens in contiguous territory who have stable jobs in this country.[3]

It can thus be seen that the commuter status device has been used where the employment in this country is of a permanent and stable nature. An applicant's employment in the United States which has aggregated a total of 2 hours performed during one day since January 1959 would scarcely seem to qualify as stable or regular employment so as to enable the applicant to retain her commuter status, in view of the lapse of time since she has been employed in

[1] *Matter of D——C——*, 8 I. & N. Dec. 519.

[2] *Karnuth v. United States ex rel. Albro*, 279 U.S. 231 (1929).

[3] Gordon and Rosenfield, *Immigrated Law & Procedure* (1959), p. 127.

this country. We, therefore, conclude that the applicant is not eligible at this time to enter as a returning resident of the commuter class.

In other respects, we believe the case is governed by the principles enunciated in *Matter of S——, G—— & C——*, A–11135619, A–11132260, A–10367389, Int. Dec. No. 967. In that case the history of commuter status was extensively reviewed. We there reaffirmed the rule that commuter status is lost, as before, when the alien has been out of employment in the United States for more than 6 months. We also indicated that a commuter remains entitled to such classification, notwithstanding an absence of 6 months and interruption of his work for that period, if his employment, job or position has not been lost and if the interruption was due to circumstances beyond his control, such as serious illness, pregnancy or a disabling injury, all of which would toll this 6-month period until commuter was again employable. We need not consider whether the applicant's employment, job or position had not been lost in the instant case inasmuch as we have already concluded that the single, brief, 2-hour-period of previous employment in this country does not support the commuter status. Permission to reapply will be granted.

**Order:** It is ordered that the alien be excluded under section 212(a)(20) [8 U.S.C. 1182(a)(20)] as an immigrant not in possession of a valid unexpired immigrant visa.

*It is further ordered* that permission to reapply for admission after exclusion and deportation be granted.