## MATTER OF GERHARD

### In Exclusion Proceedings

### A-14495411

*Decided by Board October 24, 1967*

Appellant, an alien commuter, who because of unsuitable employment abandoned his job in this country after one week and due to the illness of his wife returned to Canada resuming his employment there, and who within 6 months after such departure reapplied for admission as a commuter destined to new employment more in keeping with his qualifications, is admissible as a returning resident alien commuter since he never intended to abandon his commuter status and at the time of his departure intended to return to the United States as soon as satisfactory employment was available.

EXCLUDABLE: Act of 1952—Section 212(a)(20) [8 U.S.C. 1182(a)(20)]—Immigrant not in possession of an immigrant visa or other valid entry document.

ON BEHALF OF SERVICE: Douglas P. Lillis, Appellate Trial Attorney

The case comes forward pursuant to certification by the special inquiry officer of his order dated July 18, 1967 finding the applicant excludable on the ground stated in the caption.

The record relates to a native of Yugoslavia, a naturalized citizen of Canada, 52 years old, married, male, who last arrived in the United States at Detroit, Michigan on July 12, 1967 and sought admission to this country to resume his status as a commuter. He had previously been admitted to the United States for permanent residence at Detroit, Michigan on April 17, 1967 and on the same date his status was adjusted to that of a commuter. Thereafter he was employed in the United States as an industrial blacksmith from April 17 to April 21, 1967. He left that job because he was not accustomed to the extreme heat from the furnaces and forges of that position and returned to Canada. Another reason was because his wife was hospitalized for an operation for appendicitis. He resumed his former employment in Canada at the Windsor Tool and Die Company. He testified that his wife was hospitalized for a period of about 10 days and that he did not wish to lose his Canadian medical insurance.

The applicant testified that he intended to return to the United States, provided he could obtain a job suitable to his qualifications and provided the work was at least as good as his job in Canada. The applicant testified that he had no intention of remaining in Canada permanently if he could find a job in the United States at least equal to his Canadian job or better (Ex. 4, p. 2; Tr. p. 24). He obtained employment with the Chrysler Corporation at Detroit, Michigan as a millwright on July 10, 1967 at a salary of $4.00 an hour compared to his salary of $2.80 an hour in Canada. It is noted that at the time he resumed his employment in the United States a period of approximately three months had elapsed since his previous United States Employment. Shortly after entering the United States in April 1967 he had made a $1,000 down payment on a home in Detroit but abandoned the purchase of that home at a loss of $500 when his initial employment did not prove satisfactory.

The commuter situation manifestly does not fit into any precise category found in the Immigration statutes. The status is not an official one but is recognized admistratively and is predicated upon good international relations maintained and cherished between friendly neighbors. The status of a commuter is an anomalous one. The commuter cannot claim naturalization benefits since the naturalization statute by definition equates residence with domicile rather than an assimilated status.

The special inquiry officer concluded that the applicant had abandoned his status as a permanent resident accorded to him on April 17, 1967 when he returned to Canada and that he therefore may not be found to be a bona-fide commuter. It is believed that the reliance of the special inquiry officer upon *United States ex rel Alther* v. *McCandless*, 46 F.2d. 288 (3rd Cir. 1931), is misplaced. The court in that case was dealing with the question of whether an alien who leaves the United States with no definite intention, either of staying permanently or of returning, but merely planning to let future events determine his course, should still be regarded as a returning resident, and held against the alien in that case on the ground that there was no temporary visit abroad.

However, the situation with regard to persons of the commuter class is distinguishable. As we have previously pointed out, the commuter, an alien lawfully admitted for permanent residence, but who resides abroad in a neighboring country, is in an unique situation. The salient points to be considered in determining abandonment of commuter status are intention and loss of employment for a period of more than six months. In the instant case there has been no loss of employment for more than six months and the sole question to be deter-

mined is whether the alien had formed an intention to abandon his status.

In the instant case, the applicant abandoned his employment in the United States after one week because he was not accustomed to the heat of the job as an industrial blacksmith. The applicant's training and qualifications were those of a toolmaker. He had taken the job as an industrial blacksmith because his qualifications for preference status certified under section 212(a)(14) of the Act also qualified him for such a job. The applicant returned to Canada also because of the emergency illness of his wife. He testified that when he left his employment in the United States and returned to Canada, it was not his intention to remain in Canada permanently if he could find suitable employment in the United States; that he resumed his employment in Canada but did not have an opportunity to seek employment in the United States until Sunday July 2, 1967 when he visited his son in Detroit and saw a help wanted advertisement in the newspaper; that when he returned to Canada about April 19, 1967 his intention was to stay in Canada if he could not find a job in the United States at least equal to his Canadian job or better (Ex. 4, p. 2; Tr. p. 24).

Upon a fair evaluation of this testimony, we cannot agree with the conclusion of the special inquiry officer. It appears clear that the applicant intended when he left the United States because of unsuitable employment and the illness of his wife, to return to the United States as soon as qualified employment was available; that he never intended to abandon his commuter status; and never had the intention of remaining permanently in Canada after having once obtained satisfactory employment in the United States. The initial interruption of his employment in the United States was because he was physically unable to bear the heat of the job as an industrial blacksmith. The exclusion case appears to have originated in a letter from the first employer in the United States indicating pique because the applicant left his employment and expressing a desire to cancel his sponsorship and requesting that the applicant's visa also be cancelled (Ex. 6). However the Chrysler Corporation by whom he has been employed since July 10, 1967 indicates that he is presently employed by that company as a millwright, a job more in keeping with his qualifications.

Upon a consideration of the entire record, we find that the applicant has resumed employment in the United States within a period of approximately three months of his last employment in the United States. The evidence does not sustain a finding that he at any time had any intention of abandoning his commuter status. On the contrary, it appears that the applicant had a continuing intention to

retain his commuter status.[1] The decision of the special inquiry officer will be reversed.

ORDER: It is ordered that the applicant be found eligible for admission to the United States as a commuter.

[1] *Matter of Bonanni*, Int. Dec. No. 1637.