MATTER OF WIGHTON

In Exclusion Proceedings

A-11157823

*Decided by Board September 4, 1970 and March 19, 1971*

A native and citizen of Canada who was admitted to the United States for permanent residence in 1959 but who lived in Canada and commuted daily to the United States to work until he voluntarily terminated his employment in November 1968, after which he obtained a job in Canada for approximately a year, lost his commuter status because of a break in his United States employment of more than 6 months, notwithstanding entries into this country in the interim and his allegation that he had no intention of abandoning his permanent resident status in the United States.

EXCLUDABLE: Act of 1952—Section 212(a)(20) [8 U.S.C. 1182(a)(20)]—Immigrant without valid immigrant visa.

ON BEHALF OF APPLICANT:
David I. Rosin, Esquire
2156 Penobscot Building
Detroit, Michigan 48226
(Brief filed)

ON BEHALF OF SERVICE:
Adolph F. Angelilli
Trial Attorney
(Brief filed)

R. A. Vielhaber
Appellate Trial Attorney

**BEFORE THE BOARD**
(September 4, 1970)

This is an appeal from the decision of the special inquiry officer who ordered that the applicant be excluded and deported from the United States. The applicant applied for admission to the United States at Detroit, Michigan on November 20, 1969 as a returning resident alien and presented an alien registration receipt card (Form I-151) which had been issued to him when he first entered the United States as an immigrant on August 12, 1959. He was excluded and deported pursuant to section 212(a)(20) of the Immigration and Nationality Act, as an immigrant not in possession of a valid unexpired immigrant visa or other valid entry document as required by section 211(a) of the Act.

The applicant is a 37-year-old single male alien, a native and citizen of Canada. Shortly after entry as an immigrant in 1959 he obtained a job with the First Federal Savings and Loan Association of Detroit. He held this job until November 13, 1968, when he resigned. During that entire period of slightly more than nine years he actually resided in Canada and commuted to his job daily in Detroit. After leaving the United States in November of 1968 he obtained a position with the Chrysler Corporation in Canada, in which job he stayed approximately a year. During that period of time he made several trips each month to the United States. On November 20, 1969, when he presented himself for admission to the United States as a returning resident alien, he was held for an exclusion hearing. The Service contended that he had abandoned his permanent resident status and thus he could not be admitted on the basis of his alien registration receipt card. The applicant's attempt to enter the United States as a returning resident alien occurred just two days less than one year from the time he went to Canada to work.

It is not disputed that for the approximate nine years the applicant worked in the United States before going to Canada he was in a commuter status. He resided in Canada and not in the United States. Counsel contends respondent did not lose his commuter status while living and working in Canada, and that he is entitled to return as a returning resident alien. The special inquiry officer rejected this argument, and we will affirm his decision.

The special inquiry officer correctly held that after this resident commuter alien had not worked or lived in the United States for more than six months he was deemed to have abandoned his permanent residence status, notwithstanding entries in the interim, as aforestated.[1] Having forfeited his permanent residence status he must now, pursuant to section 211 of the Immigration and Nationality Act and 8 CFR 211.1(a), present a valid unexpired immigrant visa. Since he lost his resident status his alien registration receipt card is not valid as an entry document and he can no longer be considered as a returning resident alien.[2]

The class of immigrant aliens known as commuters has been recognized since 1927. Their status has been fully treated in *Mat-*

---

[1] *Matter of Bonanni,* 11 I. & N. Dec. 791 (BIA, 1966); *Matter of Bailey,* I. & N. Dec. 466 (BIA, 1966); *Matter of L—,* 4 I. & N. Dec. 454 (BIA, 51).

[2] *Matter of M—D—S— & L—G— & W—D—C—,* 8 I. & N. Dec. 209 IA, 1958).

*ter of L—*, *supra*, and *Matter of M—D—S— & L—G— & W— D—C—*, *supra*. For the purpose of the immigration laws a commuter is considered as a resident of the United States and is entitled to readmission under section 211(b) of the Act as a returning resident while he maintains this status.[3] The immigration statutes make no mention of the commuter status; it is an administrative device originated on April 1, 1927 by the Commissioner General issuing General Order No. 86 to permit the continued entry of Canadian and Mexican nationals domiciled in their native lands who had for years been coming to the United States to work as nonimmigrants, but whose continued entry as nonimmigrants was made impossible by legislation which classed all persons coming to the United States to perform labor as immigrants. It is predicated upon good international relations maintained between friendly neighbors. Congressional approval of the commuter status is found in the fact that Congress has shown awareness of the status and has not criticized it, nor has it in immigration legislation (including the Immigration and Nationality Act of 1952) included commuters in its definition of nonimmigrants.

To maintain the status of commuter, an alien must have regular employment in the United States, have a continued intention to come for such purpoese and have no break in employment in the United States for as long as six months.[4] An alien commuter who has been out of employment in the United States for six months is deemed to have abandoned his status of residence in the United States.[5]

An exception to the above rule occurs when the commuter's absence from the United States was due to illness, accident or pregnancy, in which event we have held that the six months conclusive presumption that residence has been abandoned is tolled until the alien is again employable.[6]

In the instant case the applicant voluntarily terminated his employment in the United States and immediately thereafter took another job with another corporation in Canada. He has testified that he had no intention of abandoning his permanent resident

---

[3] *Matter of H—O—*, 5 I. & N. Dec. 716 (BIA, 1954).

[4] *Matter of Bailey, supra; Matter of Bonanni, supra; Matter of L—*, 8 I. & N. Dec. 643 (BIA, 1960) ; *Matter of Gerhard*, 12 I. & N. Dec. 556 (BIA, 1967).

[5] *Matter of Bailey, supra.*

[6] *Matter of Gerhard, supra; Matter of Burciaga-Salcedo*, 11 I. & N. Dec. 665 (BIA, 1966) ; *Matter of M—D—S— & L—G— & W—D—C—, supra; Matter of L—*, 4 I. & N. Dec. 454 (BIA, 1951).

status in the United States and that his taking the job in Canada was for the purpose of receiving further work experience and training with the hope that he could then transfer with the same corporation (the Chrysler Corporation) to a job in the United States, which, however, failed to materialize. His job with the savings and loan association in the United States was not held open for him, but they indicated that he would be subject to re-hire if he should apply. To maintain the status of a commuter, the alien, previously admitted for permanent residence, must have regular employment in the United States, have a continuing intention to come for such purpose and have no break in employment for six months. Although the intent of the alien is one factor to be considered in determining whether he has retained his commuter status, it is not the only criterion. In the instant case the applicant has had a break in employment in the United States for almost one year, and we have consistently held that a break in employment for six months, with the several exceptions noted above, constitutes an abandonment of permanent resident status.[7] Counsel's argument that intent alone is the factor which determines this matter is not in accordance with our many previous decisions.

Counsel cites an unreported decision, *Matter of Max Pilavin*, A-11696184 (BIA, 1964), as upholding the applicant's position that he should be admitted to the United States as a returning resident alien because of his intent. However, in *Matter of Pilavin*, the alien, who had been in a commuter status, actually gave up his Canadian residence and moved to and lived in the United States for a period of two weeks prior to taking a trip to Europe for approximately 11 months. In that case we held that he could be admitted as a returning resident alien since he had given up his commuter status and had established a residence in the United States prior to going abroad. This distinguishes it from the instant case.

The applicant must now be regarded as a special immigrant within the definition contained in section 101(a)(27)(A) of the Immigration and Nationality Act, and as such is required by section 211 of the Act and 8 CFR 211.1(a) to be in possession of a valid unexpired immigrant visa. Since he has no such document he is excludable under section 212(a)(20) of the Act. We affirm the order of the special inquiry officer ordering that the applicant be excluded and deported from the United States.

---

*Matter of Bailey, supra,* and cases cited therein.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.

### BEFORE THE BOARD
(March 19, 1971)

Counsel moves the Board to reconsider its decision of September 4, 1970, excluding applicant from entry into the United States as an immigrant without a valid immigrant visa. Counsel contends that the applicant occupies the status of a commuter and as such he should be admitted to the United States as a returning resident alien.

The facts have been set forth in detail in our previous decision and need not be reiterated at this time. We held that the applicant, who had been admitted to the United States as a permanent resident but who lived in Canada and commuted daily to the United States to work, lost his commuter status because of a break in his United States employment for more than six months. We have consistently held that a break in employment for six months or more, with several exceptions, none of which applies to this applicant, constitutes abandonment of permanent resident status.[1]

We have carefully reviewed counsel's brief and we find that the issues raised, the arguments made and the cases cited are substantially the same as those previously presented on the original appeal. Our prior decision is dispositive of the issues raised in the instant motion and nothing has been adduced which would warrant our receding from that decision.

Accordingly, the motion will be denied.

**ORDER:** It is ordered that the motion be and the same is hereby denied.

---

[1] In *Matter of Jaurrieta*, A-12700329, unreported (BIA, 1970), we declined to enlarge the exceptions beyond those laid down in previous decisions, namely, illness, accident or pregnancy.