MATTER OF GALVAN

In Exclusion Proceedings

A-30521243

*Decided by Board January 8, 1974*

(1) An applicant for admission who has successfully met the requirements for admission into the United States as an immigrant, and who has not lost her status as an alien lawfully admitted for permanent residence, is not required to establish eligibility under section 212(a)(14) of the Immigration and Nationality Act, as amended, upon each entry.

(2) Applicant, an alien commuter, applied for admission in April 1973, in possession of a Form I-151, to proceed to her employment with a company at the facilities of which the Secretary of Labor had determined (prior to the commencement of her employment) that a labor dispute existed. She was paroled pending exclusion proceedings. While on parole, her employment terminated and she has indicated that she does not intend to seek employment with that company again but intends to reside with relatives. Since she is not seeking entry to engage in work at a place determined by the Secretary of Labor to be involved in a labor dispute and is seeking entry within six months of the termination of her employment, she is admissible.

EXCLUDABLE: Act of 1952—Section 212(a)(14) [8 U.S.C. 1182(a)(14)]—Seeking to work at place where Secretary of Labor has determined a labor dispute exists.

ON BEHALF OF APPLICANT: Pro se

The alien applicant is a native and citizen of Mexico who was admitted to the United States as an immigrant in October of 1972. She did not thereafter reside in the United States because her family lacked the necessary financial means to maintain a home here. Consequently, she lived in Mexico and crossed the border daily to work for the Farah Manufacturing Company in El Paso, Texas. Her employment with Farah began in November of 1972, several months after the Secretary of Labor had determined that a labor dispute existed at the Farah facilities in El Paso. The applicant continued to work for Farah after being informed that she was jeopardizing her right to use her alien registration receipt card (Form I-151) as a reentry document. In April of 1973 the applicant was denied admission; she was, however, paroled into the United States pending the outcome of an exclusion hearing.

After the applicant's hearing, the immigration judge rendered a decision, dated June 19, 1973, which ordered that the applicant be admitted to the United States. The immigration judge has certified the case to us. The decision of the immigration judge will be affirmed.

The denial of admission which led to this proceeding resulted from the applicant's attempt to gain entry on the basis of her alien registration receipt card. The Immigration and Naturalization Service contends that 8 CFR 211.1(b)(1) invalidates this card as a reentry document under the circumstances of this case. The pertinent portion of that regulation reads:

> ... When the Secretary of Labor determines and announces that a labor dispute involving a work stoppage or layoff of employees is in progress at a named place of employment, Form I-151 shall be invalid when presented in lieu of an immigrant visa or reentry permit by an alien who has departed for and seeks reentry from any foreign place and who, prior to his departure or during his temporary absence abroad has in any manner entered into an arrangement to return to the United States for the primary purpose, or seeks reentry with the intention, of accepting employment at the place where the Secretary of Labor has determined that a labor dispute exists, or of continuing employment which commenced at such place subsequent to the date of the Secretary of Labor's determination.

The regulation clearly is designed to invalidate the Form I-151 when presented for the purpose of allowing an alien to return to work at a place where the alien accepted employment subsequent to a determination by the Secretary of Labor that the given facility is involved in a labor dispute. It should be noted, however, that the Service contends that this applicant is excludable specifically under section 212(a)(14) of the Act. Section 212(a)(14) imposes a labor certification requirement upon certain aliens. That provision does not apply to aliens who qualify as returning resident immigrants under section 101(a)(27)(B) and who thus may be admitted under the less stringent documentary requirements established for returning residents pursuant to section 211(b). Since the applicant had once successfully met the requirements for admission as an immigrant, and had not lost her status as an alien lawfully admitted for permanent residence, she is not required to reestablish eligibility under section 212(a)(14) upon each entry. On the basis of the quoted language in 8 CFR 211.1(b)(1) the Service could properly contend that the applicant is excludable under section 212(a)(20), as an immigrant not in possession of a *valid* reentry document. It is with respect to this possible ground of excludability that we shall examine this case. If the applicant is in fact inadmissible under the Act, the failure to notify her of the proper ground involves only procedural and not substantive rights. Since we have determined that she is admissible, she has

suffered no detriment from the improper notification regarding the alleged ground of excludability.

The immigration judge ordered the admission of the applicant. It is his opinion that the regulation, which would prevent the applicant from using her alien registration receipt card to enter for the purpose of continuing her employment, is invalid and consequently there is no legitimate basis for excluding her. In reaching this conclusion, the immigration judge relied on the decision in *Sam Andrews' Sons* v. *Mitchell*, 457 F.2d 745 (C.A. 9, 1972). *San Andrews' Sons* held the relevant portion of 8 CFR 211.1(b)(1) to be invalid as an abuse of the Attorney General's discretion.

We need not address ourselves directly to the issue of the ultimate impact of *Sam Andrews' Sons, supra,* because we have concluded that the terms of the regulation no longer prohibit the applicant's admission. Her employment with Farah has terminated and she has indicated that she does not intend to seek work with that firm again, but instead intends to proceed to Los Angeles, California to reside with relatives. Consequently, she is not entering to engage in work at a place found by the Secretary of Labor to be involved in a labor dispute.

The applicant's alien registration receipt card is thus a valid reentry document, assuming the general requirements for its use have been met under 8 CFR 211.1(b)(1). The applicant is admittedly a "commuter." She has lost the job which was her connection, for "commuter" status purposes, with the United States. However, she is seeking entry well within six months of the termination of her employment, and she is therefore still admissible. See *Matter of Wighton*, 13 I. & N. Dec. 683 (BIA 1970 & 1971); *Matter of Bailey*, 11 I. & N. Dec. 466 (BIA 1965 & 1966).

The result reached by the immigration judge was correct. Accordingly, the immigration judge's decision will be affirmed.

**ORDER:** The decision of the immigration judge is affirmed.